IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC LEE BROWN, # 216794, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv385-MEF |
| ) | (WO) |
| DEPARTMENT OF CORRECTIONS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On about May 21, 2014, Eric Lee Brown ("Brown") filed with this court a document titled as a "Petition for Writ of Mandamus Rule 21(a) of Appellate Rules of Appellate Procedure and According to Section 15-21-1-34 Code of Alabama 1974 [sic]." Doc. No. 1. In that document, Brown referred to a petition he said he had filed in this court in March 2014 and appeared to assert that, through that petition, he was seeking to have sentences imposed by the Circuit Court of Mobile County (Judge John R. Lockett) ordered to run concurrently with each other or with other unspecified sentences. *Id*.

Brown has no petition challenging his state convictions or sentences pending in this court, and the court's records reflect that, despite his assertion, he filed no petition in this court in March 2014. The procedural rule and statute referred to by Brown in the title of his pleading (Doc. No. 1), and the relief he appears to seek, suggest that Brown may have intended to file his pleading in a state trial or appellate court.

Because of the cursory nature of Brown's pleading and the vagueness of his

allegations, this court, on May 28, 2014, entered an order directing Brown to file with this court by June 12, 2014, "a supplement to his pleading that clearly identifies the sentence he is currently challenging (naming the court that imposed the sentence and the date the sentence was imposed) and states whether he intended to file his pleading in this court, or if instead he intended to file his pleading in a state trial or appellate court." Doc. No. 2 at 2. In that order, Brown was specifically cautioned that his failure to comply with the order would result in a recommendation that the case be dismissed. *Id*.

The requisite time has passed, and Brown has failed to comply with the court's order of May 28, 2014.

It is therefore the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice because of Brown's failure to comply with the orders of this court.

It is further

ORDERED that on or before **October 20, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order, and therefore it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      DONE, this 6th day of October, 2014.

                                /s/ Susan Russ Walker
                                SUSAN RUSS WALKER
                                CHIEF UNITED STATES MAGISTRATE JUDGE